**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARK FOSTER,

    Petitioner,

v.                                          CASE NO. 8:04-CV-2685-T-30MAP
                                                                 8:01-CR-445-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court on Petitioner's third motion requesting an extension of time in which to file a reply to the response Respondent filed February 2, 2005 (**CV Dkt. 11**). Petitioner has previously been granted two (2) 60-day extensions of time. In the Declaration submitted in support of the instant motion, Petitioner requests that the due date for his reply be reset to October 27, 2005, *see* CV Dkt. 12 at 2,

In Ground One of his § 2255 motion, Petitioner argues that "state convictions used to qualify [him] for [sentencing under the] recidivist statute, 21 U.S.C. § 851(b)(1)(A). . . . were unconstitutional," and requested therein that the Court stay consideration of the claim until he has said convictions vacated (CV Dkt. 1, Attach. at 1-2). Petitioner has not provided any details regarding his claim that the state convictions are "unconstitutional," although

he does state that the claim was "not raised on direct appeal because the law announced in *Blakely v. Washington*[1] was not yet decided," *see* CV Dkt. 1 at 5 (footnote added).

The Supreme Court has recently addressed the dilemma Petitioner faces, noting that "prior to the state vacatur, which *Daniels*[2] makes a necessary condition for relief in most cases, a petitioner cannot obtain relief under § 2255." *Johnson v. United States*, __ U.S. __, 125 S.Ct. 1571, 1579 (Apr. 4, 2005) (footnote added).  The *Johnson* court held that when a federal prisoner collaterally attacks his sentence on the ground that a state conviction used to enhance that sentence has since been vacated, § 2255 ¶ 6(4)'s one-year limitations period begins to run when the petitioner receives notice of the order vacating the prior conviction, provided that he sought relief with due diligence in state court after entry of the judgment in the federal case in which the sentence was enhanced. *Id. See also Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005) (relying on two-prong test enunciated in *Johnson*, the court held that "[d]iligence is shown by the petitioner's prompt filing of a state habeas petition, as measured from the date that judgment was entered on the enhanced federal sentence") (citing *Johnson*, 125 S.Ct. at 1581)).

Judgment was entered on Petitioner's enhanced sentence on July 12, 2002 (CR Dkt. 199).  Petitioner's § 2255 motion was filed 29 months after his enhanced sentence was entered (CV Dkt. 1).  It is not clear from the record whether Petitioner acted with due diligence in seeking to have his state convictions vacated.

---

[1] *Blakely v. Washington,* 542 U.S. 296 (2004).

[2] *Daniels v. United States*, 532 U.S. 374 (2001).

UPON consideration, the Court **ORDERS** that:

1. Petitioner's request for an extension of time (**CV Dkt. 11**) in which to file a reply to the response is **GRANTED**, as set forth below.

2. Petitioner shall file his reply to Respondent's response to the § 2255 motion on or before **October 27, 2005.**  In the event Petitioner seeks another extension of time, he shall submit a copy of the petition for state habeas corpus review referenced in his June 26, 2005 Declaration, *see* CV Dkt. 12 ¶ 4, with his motion to extend the due date for his reply.

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh