**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARK FOSTER,

    Petitioner,

v.                                                             CASE NO. 8:04-CV-2685-T-30MAP
                                                                                 8:01-CR-445-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court for consideration of Petitioner's fourth motion requesting an extension of time in which to file a reply to the response Respondent filed February 2, 2005, (CV Dkt. 14) and the Declaration submitted in support thereof (CV Dkt. 15).

Attached to the Declaration is a copy of the Motion to Vacate Sentences and Convictions Petitioner filed on June 6, 2005, in the New Jersey court which entered the convictions used to enhance Petitioner's federal sentence. Petitioner's argument in support of his assertion that he meets the test under *Johnson*[1] and *Daniels*[2] for due diligence in

---

[1] *Johnson v. United States*, __ U.S. __, 125 S.Ct. 1571, 1579 (Apr. 4, 2005) (holding that when a federal prisoner collaterally attacks his sentence on the ground that a state conviction used to enhance that sentence has since been vacated, § 2255 ¶ 6(4)'s one-year limitations period begins to run when the petitioner receives notice of the order vacating the prior conviction, provided that he sought relief with due diligence in state court after entry of the judgment in the federal case in which the sentence was enhanced).

[2] *Daniels v. United States*, 532 U.S. 374 (2001) ("[A] defendant generally has ample opportunity to obtain constitutional review of a state conviction. But once the 'door' to such review 'has been closed' by the defendant *himself* – either because he failed to pursue otherwise available remedies or because he failed to prove a constitutional violation – the conviction becomes final and the defendant is not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence" (citations omitted)).

seeking to have his state convictions vacated is premature. *See Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005) (relying on two-prong test enunciated in *Johnson*, the court held that "[d]iligence is shown by the petitioner's prompt filing of a state habeas petition, as measured from the date that judgment was entered on the enhanced federal sentence" (citation omitted)). Petitioner will be afforded an opportunity to address this issue if he prevails in his quest for state post-conviction relief.[3]

UPON consideration, the Court **ORDERS** that Petitioner's request for an extension of time (**CV Dkt. 14**) in which to file a reply to the response is **GRANTED.** Petitioner shall file his reply to Respondent's response to the § 2255 motion on or before **January 31, 2006.** Further extensions of time will not be routinely granted.

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh

---

[3] In his § 2255 motion, Petitioner states that his claim that the two state convictions used to enhance his federal sentence were unconstitutional was "not raised on direct appeal because the law announced in *Blakely v. Washington*[, 542 U.S. 296 (2004)] was not yet decided" (Dkt. 1 at 5). *See State v. Natale*, 878 A.2d 724, 745 (N.J. 2005) (limiting holding that New Jersey's "sentencing . . . system is incompatible with the holding in *Blakely*," to cases on direct appeal as of the date of the decision (August 2, 2005) and to those defendants who raised *Blakely* claims at trial or on direct appeal).