**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARK FOSTER,

    Petitioner,

v.                                              CASE NO: 8:04-CV-2685-T-30MAP
                                                Crim. Case No.: 8:01-CR-445-T-30MAP
UNITED STATES OF AMERICA,

    Respondent(s).
_____/

## ORDER

    This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) filed on August 27, 2004, Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #4). Petitioner challenges the sentence imposed following his 2002 conviction for drug and firearm related charges. The Court has reviewed the arguments and the prior proceedings in the underlying criminal case and concludes that this motion is due to be summarily denied.

    Petitioner, Marc Foster (hereinafter referred to as "Foster" or "Petitioner"), was found guilty by a jury on April 11, 2002, of "conspiring to possess five kilograms or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. §§846, and "knowingly carrying and possessing a firearm during and in relation to and in furtherance of the drug violations", in

violation of 18 U.S.C. §§924( c ).  On July 12, 2002 the Court sentenced Petitioner to life imprisonment to be followed by a term of 10 years supervised release.

Petitioner directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit affirmed Petitioner's conviction on November 3, 2003. On December 15, 2003, the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari.

On December 13, 2004, Petitioner timely filed this §2255 petition asserting the following claims for relief:

1. Whether the two-prior state convictions used to qualify Petitioner for recidivist statute, 21 U.S.C. §851(b)(1)(A), enhancing his sentence to life imprisonment was improper because the convictions were unconstitutional.

2. Whether Petitioner's sentence was improperly enhanced with a four level upward adjustment for being the organizer/leader in violation of Blakely v. Washington, 124 S. Court. 2531 (decided June 24, 2004) requiring all enhancements of sentences to be submitted to the jury and proven beyond a reasonable doubt.

## Standard of Review

Title 28 U.S.C. §2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United

States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

## Discussion

### I. Unconstitutionality of Prior State Convictions

Petitioner asserts that his two prior state convictions used to qualify him for recidivist statute, 21 U.S.C. §851(b)(1)(A), were improper because the convictions were unconstitutional and requests that this court stay consideration of this ground until he has had his prior state convictions vacated. Petitioner's claims are without merit.

The presumption of validity that attaches to a prior conviction at the time of federal sentencing is conclusive. McCarthy v. U.S., 320 F.3d 1230, 1232 (11th Cir. 2003) citing Daniels v. United States, 532 U.S. 376, 382, 121 S. Court. 1578 (2001). Petitioner's convictions in state court were valid at his time of sentencing in federal court, and continue to be valid to this day. "Petitioner may not attempt to attack his federal sentence based on the possibility that his state conviction may at some point become invalid within the state system." Turner v. U.S., 2005 WL 2994310, 4 (11th Cir. 2005) citing Daniels v. United States, 532 U.S. 376.

### II. Application of Sentencing Enhancement by Judge

Petitioner asserts that his sentence enhancement for leadership violated the law announced in Blakely v. Washington. Petitioner's claim is without merit.

The Supreme Court held in United States v. Booker, 543 U.S. 220, 125 S. Court. 738 (2005), that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. Booker at 752-55. A defendant has the right to have the jury find the

existence of "any particular fact" that the law makes essential to his punishment. Id. at 749. Under a mandatory guideline scheme, this right is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant. Id. However, petitioner's conviction was final on December 15, 2003, the day the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari. Booker does not apply retroactively to cases, such as petitioner's, that were final prior to the Booker decision. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 5, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Conformed copies to:
All Counsel/Parties of Record

S:\PDF TEMP FILE\Mark Foster.Order.wpd